NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUKI EL BEY,<br><br>    Plaintiff,<br><br>    v.<br><br>MONMOUTH COUNTY CORRECTIONAL INSTITUTION, *et al.*,<br><br>    Defendants. | No. 25cv9840 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff Luki El Bey, a pretrial detainee at Monmouth County Correctional Institution ("MCCI") in Freehold, New Jersey, filed this civil rights action. D.E. 1 ("Complaint"). He brings his claims under 42 U.S.C. § 1983, alleging that Defendants denied him his right to take his legal documents from MCCI into court proceedings. *Id.* Plaintiff has not paid the applicable $350 filing fee for a civil case under 28 U.S.C. § 1914(a), nor the $55 administrative fee under Appendix K to the Local Civil Rules. Plaintiff did, however, file a Motion for Leave to Proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a). D.E. 3 ("IFP Motion").

28 U.S.C. § 1915(a) sets forth the requirements for proceeding IFP:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1),

>shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Because Plaintiff has failed to submit an IFP application accompanied by the required six-month institutional account statement, he has not met the requirements for IFP status under 28 U.S.C. § 1915(a).

Given that Plaintiff has not met the requirements for IFP status, nor has he paid the required filing fees, pursuant to Local Civil Rule 54.3(a):

>the Clerk shall not be required to enter any suit, file any paper, issue any process or render any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States, nor shall the Marshal be required to serve the same or perform any service, unless the fee therefor is paid in advance. The Clerk shall receive any such papers in accordance with L. Civ. R. 5.1(f).

Local Civil Rule 5.1(f), in turn, provides that "[a]ny papers received by the Clerk without payment of such fees as may be fixed by statute or by the Judicial Conference of the United States for the filing thereof shall be marked 'received' and the date and time of receipt shall be noted thereon." Accordingly,

**IT IS**, on this 30TH day of October 2025,

**ORDERED** that Plaintiff's IFP Motion, D.E. 3, is **DENIED** *without prejudice*; and it is further

**ORDERED** that the Clerk of Court shall mark the Complaint, D.E. 1, received; and it is further

**ORDERED** the Clerk shall **CLOSE** this action due to Plaintiff's failure to satisfy the filing fee requirement or alternatively submit a properly completed IFP application; and it is further

2

**ORDERED** that if Plaintiff wishes to reopen this action he shall either, within **30 days** of the entry of this Order: (1) pay the $405 civil filing and administrative fees, pursuant to 28 U.S.C. § 1914(a) and District of New Jersey Local Civil Rules, Appendix K; or (2) submit a properly completed IFP application under 28 U.S.C. § 1915(a); and it is further

**ORDERED** that the Clerk of Court shall supply to Plaintiff a blank form "Affidavit of Poverty and Account Certification (Civil Rights)" DNJ-Pro Se-007-A-(Rev.12/2023); and it is finally

**ORDERED** that the Clerk of Court shall send a copy of this Order to Plaintiff by regular mail.

*Evelyn Padin*
Evelyn Padin, U.S.D.J.